IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

RODERICK TONEY
#889771                                                                                                  PLAINTIFF

v.                                          4:25-cv-00473-DPM-JJV

BROOK COLE, Administrator,
Prairie County Detention Center; *et al.*                                                DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr.  Any party may serve and file written objections to this Recommendation.  Objections should be specific and include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

I.   DISCUSSION

Roderick Toney ("Plaintiff") is a federal prisoner being held at the Prairie County Jail who has filed a Complaint seeking relief pursuant to 42 U.S.C. § 1983. (Doc. 2.)  Plaintiff says a "non-registered nurse" has been handing out medications at the jail, and as a result, he has occasionally been given the wrong medicine. (Doc. 2 at 4.)  Plaintiff also says he needs a sleep apnea machine and sleep medications.  Allegedly, Plaintiff's attorney gave the jail his prescriptions for "sciatic nerves, bulging disc, and restless leg syndrome." (*Id.*)  But it is unclear from the Complaint whether Plaintiff has or has not been receiving those medications.  As Defendants, Plaintiff has named Jail Administrator Brooke Cole and Sheriff Rick Parson in their personal and official

1

capacities. And the only relief he seeks is to be transferred to a federal medical unit in Fort Worth, Texas.

On May 19, 2025, I entered an Order explaining why the Complaint failed to plead a plausible claim for relief. (Doc. 3.) I then gave Plaintiff the opportunity to file an Amended Complaint curing the pleading deficiencies and warned him this case could be dismissed without prejudice if he did not do so within thirty days. The time to file an Amended Complaint has passed. Therefore, after careful consideration, I recommend the Complaint be dismissed for the following reasons.

First, Plaintiff's official capacity claim must be treated as a suit against the county itself. *Hall v. Higgins*, 77 F.4th 1171, 1178 (8th Cir. 2023); *Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018). Because there is no vicarious liability in § 1983 actions, Prairie County cannot be held liable merely because it is the employer of the individuals who may have violated Plaintiff's constitutional rights. Instead, Prairie County can only be held liable if the constitutional violation resulted from: "(1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019). The only plausible official capacity claim contained in the Complaint is Plaintiff's allegation that there is a policy or practice of allowing employees, who are not registered nurses, dispense medications. But "[p]risoners have no constitutional right to have their medication dispensed by a licensed medical practitioner." *Breakiron v. Neal*, 166 F. Supp. 2d 1110, 1116 (N.D. Tex. 2001); *see also Palmer v. Helder*, 14-5180, 2015 WL 13736233, *7 (W.D. Ark. June 30, 2015); *Dougherty v. Lakin*, No. 3:15-cv-00396, 2015 WL 2016345, *2 (S.D. Ill. May 1, 2015). Thus, Plaintiff has failed to plead a plausible official capacity claim.

Second, to plead a plausible inadequate medical care claim against Defendants in their

personal capacities there must be facts suggestion: (1) Plaintiff had objectively serious need for medical care; and (2) Defendants Cole and Parson, subjectively knew of, but deliberately disregarded, that serious medical need.[1] *See Jones v. Faulkner County,* 131 F.4th 869, 874 (8th Cir. 2025); *Shipp v. Murphy*, 9 F.4th 694, 703 (8th Cir. 2021).

Plaintiff's facts on the first element are slim because he has not clarified what medications he is not receiving, how long he has not received them, or how he has been harmed. Similar, it is unclear if he actually took any of the medications that were erroneously handed to him, and if so, how often that occurred, or how he was harmed. *See Mason v. Corr. Med. Servs., Inc.,* 559 F.3d 880, 885 (8th Cir. 2009) (a prisoner must show harm to proceed with an inadequate medical care claim); *Robinson v. Hager*, 292 F.3d 560, 564 (8th Cir. 2002) (no plausible claim when a prisoner was not actually harmed by the failure to receive his hypertension medication); *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) ("Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation").

And, as to the second element, Plaintiff has not pled any suggesting Defendants Cole or Parson were subjectively aware of, but deliberately indifferent, to his serious medical needs. *See Iqbal,* 556 U.S. at 676 (because there is no vicarious liability in § 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Hall,* 77 F.4th at 1179 (deliberate indifference is a high threshold that goes well beyond negligence or gross negligence); *Shipp*, 9 F.4th at 703 (deliberate indifference

---

[1] Plaintiff says he is a pretrial detainee. (Doc. 2 at 3.) But the Court's records indicate he pled guilty to federal criminal charges on February 7, 2025. *United States v. Toney*, 4:22-cr-319-3 (E.D. Ark. Feb. 7, 2025) (Doc. 323). Thus, his inadequate medical care claim falls under the Eighth Amendment. *See Jones,* 131 F.4th at 874.

means the defendants "recognized that a substantial risk of harm existed and knew that their conduct was inappropriate in light of that risk"). Thus, also has failed to plead a plausible claim against Defendants in their personal capacities.

## II.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that;

1. The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. The Court recommend that, in the future, dismissal of this action count as a strike under 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 24th day of June 2025.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE